## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**CANDIS MAE SPINKS**                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 4:20CV-P39-JHM**

**HOPKINS COUNTY JAIL** *et al.*                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Candis Mae Spinks filed the instant *pro se* complaint under 42 U.S.C. § 1983 proceeding *in forma pauperis*. By prior Order (DN 12), the Court ordered Plaintiff to file a second amended complaint including all claims she wishes to assert in this action. That Order also directed that the second amended complaint would supersede the original complaint (DN 1) and amended complaint (DN 11). This matter is before the Court on an initial review of the second amended complaint (DN 15) pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed.

**I.**

Plaintiff is a pretrial detainee at the Hopkins County Jail (HCJ). She sues HCJ Jailer Mike Lewis; Whitley Adams, a nurse; and Andrew Robertson, a former HCJ officer. He sues Defendants Lewis and Robertson in their individual and official capacities and sues Defendant Adams in her official capacity only.

Plaintiff states that on February 13, 2020, she was housed in segregation and that between 9:00 and 11:45 pm Defendant Robertson "had made several trips into the seg unit and had stopped at my door a couple time and opened my door." Plaintiff states as follows:

> [Robertson] told me I owed him because I asked if he could have the girls in the other cells lift conflicts so I could go back into a reg cell. He stood in my doorway a couple of time and stuck his hands down my pants. I told him that was not a good ideal. He left my cell again and few minutes later he came to my door

again and opened my door again.  He told me to move closer toward the wall away from the doorway but he left my door open. . . . Robertson told me I owed him and stood there in my cell with his private area pulled out through the zipper with his hands on his waste area and telling me to give him oral sex that I owed him.  I again told him it wasn't a good ideal and he said come on just do it.  I at that time had oral sex with him.

Plaintiff states that the next day she "started asking to talk to somebody about what had happened to me.  Nobody at the jail would listen to what I had to say."  Later that day, she called the prosecutor's office and that office called the Kentucky State Police (KSP).  A KSP officer came to the jail and talked to Plaintiff.  After that, an employee of HCJ told her that the situation was being investigated.

On December 17, 2020, Plaintiff asked for copies of the investigation by the jail and "videos of the situation" and was told that the investigation was turned over to KSP.  She asserts that Defendant Robertson "lost his job here at the jail over the situation."  She states, "It is my right to be protected from any type of sexual harassment or abuse."  She maintain that Defendant Robertson "violated my rights and I have reason to believe that Jailer Mike Lewis is responsible for my rights being viollated as well because if his staff would have been watching the cameras and videos then his officer would not have had the chance to do what he done."  Plaintiff continues, "The officers only walk through the seg units one time every hour and never do they open a inmates door unless the inmate is being takin out of their cell for something or for emergency purposes and they most of the time have another officer with them."  She states, "The jail staff should have known something was going on when Robertson came to my door several times in a short time period."  She maintains that this was a violation of the Prison Rape Elimination Act.

Plaintiff also asserts that she "has made several attempts to get back on my medication here at the jail and have put in several request to see mental health due to the situation that

happened. I've been having nightmares and depression from the situation and was told by mental health that I have PTSD." She states, "Mental health has told medical several times they need to put me on meds but Whitley Adams said they can only make recommendation and I feel like have the right to have appropriate medical treatment."

As relief, Plaintiff seeks compensatory damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

3

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

**A. Defendant Robertson**

Plaintiff sues Defendant Robertson in both his official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Defendants as brought against their employer, Hopkins County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police*

4

*Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff alleges that Defendant Robertson sexually abused her. She does not allege that his actions were taken based on a policy or custom of Hopkins County. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Accordingly, Plaintiff's official-capacity claims against Defendant Robertson will be dismissed for failure to state a claim upon which relief may be granted.

The Court will allow Plaintiff's claim for cruel and unusual punishment under the Fourteenth Amendment[1] to proceed against Defendant Robertson in his individual capacity.

**B. Defendant Lewis**

Plaintiff also sues Defendant Lewis in both his official and individual capacities. Under Fed. R. Civ. P. Rule 8(a), a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362,

---

[1] Because Plaintiff is a pre-trial detainee, the Fourteenth Amendment applies to her claims. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.").

5

375-76 (1976). The complaint contains no allegations of Defendant Lewis's personal involvement in the events.

Furthermore, to the extent Plaintiff seeks to hold Defendant liable Lewis based on his supervisory authority as Jailer, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, there must be "a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). The complaint contains no allegations to support a claim of supervisory liability against Defendant Lewis.

For these reasons, the individual-capacity claim against Defendant Lewis must be dismissed for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow a Fourteenth Amendment failure-to-protect claim to proceed against Defendant Lewis in his official capacity.

**C. Defendant Adams**

Plaintiff sues Defendant Adams in her official capacity only. Upon review, the Court will allow Plaintiff's Fourteenth Amendment claim of deliberate indifference to serious medical needs to continue against Defendant Adams in her official capacity.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against Defendant Robertson in his official capacity and her claim against Defendant Lewis in his individual capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because Plaintiff's official-capacity claims against Defendants Lewis and Adams are in fact claims brought against Hopkins County, the **Clerk of Court is DIRECTED to add** Hopkins County as a Defendant in the docket sheet.

**IT IS ORDERED** that the official-capacity claims against Defendants Lewis and Adams are **DISMISSED** as redundant to the continuing claims against Hopkins County.

The **Clerk is DIRECTED to terminate** Defendant Lewis and Adams as Defendants in the docket sheet. The docket sheet lists both "Robertson" and "Andrew Robertson" as Defendants. The **Clerk is DIRECTED to terminate** "Robertson" as a Defendant in the docket sheet as duplicative. The **Clerk is also DIRECTED to terminate** the HCJ and "Medical Staff" as Defendants in the docket sheet because they were not named as Defendants in the second amended complaint.

The Court will enter a separate Service and Scheduling Order governing the claims that have been permitted to proceed.

Date: May 4, 2021

*Joseph H. McKinley Jr.*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hopkins County Attorney
4414.010