## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:20-CV-00039-JHM-HBB

**CANDIS MAE SPINKS PERKINS**                                                       **PLAINTIFF**

**VS.**

**ANDREW ROBERTSON, et al.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION
## AND ORDER

Before the Court is the motion of Defendant Andrew Robertson for leave to file an amended answer to Plaintiff's Third Amended Complaint (DN 68). Plaintiff has filed a Response (DN 70). Robertson has filed a motion for extension of time to file his Reply (DN 72), to which he has attached his tendered Reply (DN 72-1).

### Nature of the Case and Defendant's Motion

Plaintiff is an inmate incarcerated in the Hopkins County Jail. She brings this civil rights action under 42 U.S.C. §1983 alleging that she was sexually abused by Defendant Robertson, who was employed as a deputy jailer (DN 32).

Robertson moves for leave to file an amended answer to Plaintiff's Third Amended Complaint (DN 68). He states that the purpose of the amendment is to remove a previously-asserted affirmative defense under the Fifth Amendment. Robertson further states that he was deposed in the case, and elected not to assert his right to remain silent. Consequently, he desires that his Answer reflect that he no longer asserts that affirmative defense (DN 68).

Plaintiff's Response

Plaintiff summarizes her position in the introductory paragraph of her Response:

> Plaintiff opposes Defendant's request in Ct. Doc. 68 for leave to amend his answer because Defendant has not established that his request for amendment is timely and is presented in the absence of undue delay and bad faith by Defendant Robertson. Plaintiff does not otherwise oppose Defendant Robertson being granted leave to amend in this case, but the Court should not, if it grants such leave, hold that Plaintiff was not prejudiced by Defendant's delay, or that Plaintiff is in any way prevented by the amendment from asserting that the jury should draw an inference adverse to Defendant from Defendant's invocation of his Fifth Amendment rights in his initial answer.

(DN 70, p. 1). To the contrary, should the Court grant Defendant's motion to amend the answer, Plaintiff seeks an affirmative ruling from the Court that "the action of the Court under Rule 15 is without prejudice to Plaintiff being able to request that the trier of fact consider that Defendant Robertson's invocation of the fifth amendment in his initial Answer justifies drying [sic] an adverse interest against the Defendant" (Id. at p. 3). Finally, she asks that Robertson be required to restate in separate paragraphs the allegations and responses in the amended answer (Id. at p. 3-4).

Robertson's Reply

Predicate to his Reply, Robertson asks for a two-day extension of the time for filing, due to a mistake on counsel's part. Turning to the substance of the Reply, he contends that there is no deadline for determining whether to withdraw an affirmative defense under the Fifth Amendment, and gave the Plaintiff notice in advance of his deposition that he would waive the defense, thereby permitting Plaintiff to ask substantive questions during the deposition (DN 72-1, p. 3-4). He notes that Plaintiff did not articulate a specific prejudice which would be visited upon her by virtue of the amendment of the Complaint or by the passage of time.

Discussion

As an initial note, the undersigned's scheduling orders typically contain a deadline for amendment of pleadings. Here, however, because the Plaintiff filed the action *pro se*, the first scheduling order (DN 27) was entered by the district judge on a *pro se* streamlined track and made no provision for a deadline for amendment of pleadings. After Plaintiff's counsel assumed her representation, subsequent scheduling orders (DN 54, 62 & 69) reflected the more structured track, but likewise did not contain any deadline for amendment of pleadings.

"A party is entitled to amend its pleading once as a matter of course within 21 days of serving it, or, if a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f)." Detrick v. Heidtman Steel Prods., 677 F. App'x. 240, 246 (6th Cir. 2017) (citing Fed. R. Civ. P. 15(a)). "Outside of this timeframe, a party may only amend its pleading with the written consent of the opposing party or leave from the court." Id. "However, '[t]he court should freely give leave when justice so requires.'" Id. "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations omitted). "'Denial may be appropriate, however, when there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Detrick, 677 F. App'x at 246 (quoting Benzon v. Morgan Stanley Distributors, Inc., 420 F.3d 598, 613 (6th Cir. 2005) (internal quotation marks omitted)).

The Rule directs that Robertson should be given leave to amend his Answer unless there is some contravening reason. Plaintiff asks that, should the Court permit the amendment, it *not* make

a finding that she has *not* been prejudiced. This is an illogical request. If she has been prejudiced, then Robertson should not be permitted to amend his answer. On the other hand, if she has not been prejudiced then prejudice affords no basis for denial of the amendment. The Court must make a finding one way or the other. While Plaintiff has pointed out the passage of time between the filing of the answer and Robertson's decision to waive the defense, she has not articulated any actual prejudice visited upon her by the delay. The Court can only conclude that she has not been prejudiced. Likewise, she has not demonstrated any bad faith or dilatory motive on Robertson's part.

Turning next to Plaintiff's request that the Court make an affirmative finding regarding the effect of Robertson's initial invocation and subsequent waiver of his rights under the Fifth Amendment insofar as Plaintiff's argument to the jury is concerned, this is not an appropriate subject for a motion for leave to amend an answer and is better suited to pretrial motions such as motions *in limine* or jury instructions.

Finally, turning to Plaintiff's request that Defendant restructure his Amended Answer in line with the scheduling order at DN 27, which called for a restatement of each allegation to which the Answer is responding, the undersigned notes that this scheduling order is no longer the operative order and, moreover, is the streamlined schedule applied to *pro se* actions. The operative scheduling order is now DN 69 and the Amended Answer is governed by Fed. R. Civ. P. 8(b).

**WHEREFORE**, Defendant Robertson's motions, DN 68 and 72 are **GRANTED**.

August 30, 2022

*H. Brent Brennenstuhl*
H. Brent Brennenstuhl
United States Magistrate Judge

Copies:  Counsel